José González Reyes et al., Plaintiffs and Appellees, *v.* Manuel González Reyes et al., Defendants and Appellants.

No. 7677. Argued November 7, 1939.—Decided July 10, 1940.

*Dubón & Ochoteco* for appellants. *Francisco Vizcarrondo* for appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Ernesto Fernando Schlüter, one of the defendants herein, on March 28, 1936, filed in the district court a motion to set aside a judgment for plaintiffs of February 27, 1936. His reasons were stated as follows:

About 2:00 in the afternoon of March 27, in the "Café La Mallorquina" in Caguas, Schlüter had been told by Jesús Hernández, of Caguas, that the case had been set for trial, had been tried, and judgment had been rendered for plaintiffs. Schlüter, up to the time of receiving this information, did not know that the case had been tried or that judgment had been rendered or that the case had been set for trial. He had been represented by attorney Joaquín Vendrell

of San Juan, P. R., who, some time before, had withdrawn from the case, and had been substituted by attorneys Dubón & Ochoteco of San Juan. Immediately upon receipt of the information aforesaid, Schlüter got in touch with his attorneys and told them what had occurred, of which they were also unaware, and they promised to investigate the matter. On the same afternoon they had an interview with Francisco Vizcarrondo, attorney for plaintiffs, whose office was in the same building with and adjoining theirs, and Vizcarrondo confirmed the facts as to the trial and judgment. Schlüter and Dubón had then verified the facts by an examination of the record in the clerk's office, and had found that on December 24, 1935, the court had set the case for trial at 9 : 00 o'clock in the morning of February 14, 1936; that on January 4, notice had been sent to Francisco Vizcarrondo as attorney for plaintiffs and to Joaquín Vendrell as attorney for Schlüter; that the case had been tried February 14, plaintiffs and their attorney being present; that judgment had been rendered for plaintiffs February 27; and that notice thereof had been given Joaquín Vendrell as Schlüter's attorney, February 28. Schlüter had a good, just, and meritorious defense to the action, and from the commencement thereof had been diligently defending himself without abandonment of such defense at any time; that he was maintaining his defense in good faith and in the firm belief and conviction that it was sound and not only his new attorneys, but those who had previously represented him—after he had made to them a full and detailed statement of all the facts—were of the same opinion.

On or about May 6, 1930, another action, No. 15,100, between the same parties and involving the same facts, had been commenced before the same court wherein Schlüter had also diligently defended himself and had obtained a judgment in his favor June 9, 1931, which was affirmed by the Supreme Court, July 15, 1932; whereupon plaintiffs had brought the present action. In the instant case plaintiffs had applied for an injunction which had been refused by an order of November 23, 1933. An appeal to the Supreme Court had been dismissed April 17, 1935, and a rehearing was denied for the reasons set forth in an opinion of July 16, 1935. In all of these proceedings, Schlüter had diligently defended himself and his rights in the firm belief and conviction as to the merits of his defense and he has never abandoned that defense.

If Schlüter had been informed as to the setting of the case for trial, he would have appeared at the trial and would have offered

all the evidence in his possession in support of his contentions, and in opposition to the allegations of plaintiffs. He had always been ready and willing to present his evidence.

Although it did not appear from the face of the record that Joaquín Vendrell had ceased to represent Schlüter and that he had been substituted by Dubón & Ochoteco—for which reason Vendrell had been notified and Dubón & Ochoteco had not been notified of the setting of the case for trial—Francisco Vizcarrondo, the attorney for plaintiffs, had personal knowledge of the fact that Dubón & Ochoteco were Schlüter's attorneys. This, not only because they had appeared for Schlüter before the Supreme Court (at the hearing of the last motion for a rehearing on the appeal taken by plaintiffs from the order of the district court of November 23, 1933, refusing an injunction in the instant case) but also, and long before the setting of the case for trial, Dubón & Ochoteco had appeared for Schlüter before the district court in other incidents initiated by plaintiffs in other actions relating to the same property and based on the same facts.

Schlüter's failure to appear at the trial was due to his excusable neglect and/or that of his attorneys, Dubón & Ochoteco, to make Vendrell's withdrawal from the case and the appearance of the new attorneys a matter of record; since if this had been done, the clerk would have notified Schlüter's attorneys that the case had been set; and he would have been present at the trial and would have presented his evidence in opposition to plaintiffs' claim. Vizcarrondo had never informed Schlüter's attorney until the day before the filing of defendant's motion that the case had been set, although he saw them and met them daily and notwithstanding their mutual visits and frequent conversations in their respective offices.

Schlüter was willing to pay all expenses incurred by plaintiffs as a result of their appearance with their attorney at the trial on February 14, 1936, and any costs which the court might impose upon him as a condition precedent to whatever order it might make, setting aside its judgment.

If Schlüter was not given an opportunity to present the evidence in his possession in support of his contentions and in opposition to those of plaintiffs, he would be greatly prejudiced in his rights and would be deprived of a property, which had cost him not less than $12,000; this, besides other responsibilities imposed upon him by the judgment and besides all the expenses incurred by him in his defense, since the commencement of the first action on or about May. 6, 1930.

At the hearing on defendant's motion, Vendrell testified in substance that:

He had acted as Schlüter's attorney in case No. 16,859, José González Reyes and Juana Reyes Torres *v.* Manuel González et al., until April, May, or June, 1935. Since June 1935, he had nothing to do with the case. In May or June, Schlüter had told him by telephone that, as he could not pay attorney's fees, Attorney Franco had voluntarily offered to carry on the case and he requested witness to deliver the papers to Franco. Witness had said that he had no objection. About an hour later, Schlüter and Franco had appeared and, after a brief conversation, witness delivered all the papers in his possession together with a written withdrawal as Schlüter's attorney of record. Franco mentioned the fact that the case had been set for trial on the second day thereafter and he would not have sufficient time to prepare for trial. Witness suggested that he should see Vizcarrondo and obtain a postponement. Then witness called Vizcarrondo by telephone and told him that he had prepared and signed a written withdrawal as defendant's attorney of record and asked him to agree to a postponement because Franco would not have time to prepare for trial. Vizcarrondo answered that he could not consent to a postponement because the case had been postponed twice already and he wanted to go to trial. Witness insisted, and Vizcarrondo told him to tell Franco to call at his office and perhaps they could come to some agreement. Schlüter and Franco left, and witness did not know what happened thereafter. Fifteen or twenty days later, witness learned that the court had ordered a postponement on condition that Schlüter should pay the costs. Two or three days later, Dubón had called upon witness for a brief statement of the facts because he had taken the case. He said that Franco had retired or could not attend to the case because he had accepted a position with the P.R.R.A. or some other New Deal organization. Some days later, a motion for rehearing presented by Vizcarrondo was set for a hearing in the Supreme Court—a reconsideration of the Suprme Court's decision on appeal from an order of the district court in an injunction proceeding. Witness told Dubón that he need not appear at the hearing because of an acquiescence in the court's decision. Dubón answered that an appearance was necessary because certain questions had been raised and the motion had been entertained. A month or more thereafter Vizcarrondo had talked with witness about the case on various occasions, mentioning the fact that there had

been many changes of attorneys and he did not know at the time "whether it was Francis or who it was;" but he knew that witness was no longer Schlüter's attorney because he knew that witness had failed to obtain from him an agreement to postpone the trial on the ground that another attorney was going to represent Schlüter. Thereafter witness knew nothing about the case. He had not received any notice that the case had been set for trial. If witness had known of the notification or had received the notice, perhaps he would have told Dubón or Schlüter about it or would have forwarded the notice to Schlüter because witness had no interest in retaining it since he had no interest in the case. The injunction proceeding was in the same case, a part of the same record.

Francisco Vizcarrondo took the stand. The gist of his testimony follows:

After June 6, 1935, Vendrell had not talked to witness about the case or about any case between Schlüter and plaintiffs in the instant case. On June 6, 1935, Vendrell called witness on the phone and informed him that Franco had called to discuss the trial of two injunction cases which were to be heard on the day following. Vendrell had requested a new postponement of the hearing. Vendrell did not on that occasion tell witness that he had withdrawn from the case. Witness told Vendrell that the week before, in order to enable Franco to come to an agreement with Vendrell, witness had granted him (Franco) a postponement of the same cases which had been set for trial during the previous week on May 30 and the case had been re-set for June 7; that on June 6, Franco had again called and had informed witness that he had been unable to come to an agreement with Vendrell and had requested another postponement to which witness had answered that to this he could not consent, but that witness had no objection to the appearance of Vendrell and Francis (whom Franco had also mentioned) at the trial on the following day. Franco had said that he would see Vendrell again and try to reach an agreement with him as to the appearance of both at the trial. Later, about noon, Vendrell had called witness by telephone. Since then, witness and Vendrell had not discussed the case. Witness had no definite knowledge as to who would be Schlüter's attorney at the trial on February 14, due to the innumerable and constant changes of counsel in the instant case and in other cases connected with it.

As pointed out in *Fernández* v. *Pescay et al.*, 26 P.R.R. 735, 740:

"In *Gutiérrez* v. *Foix*, 23 P.R.R. 68, construing section 140 of our Code of Civil Procedure, we quoted with approval from a California case the following:

" 'This is a remedial provision, and under the terms of section 4 of the same code, which require it to be liberally construed with a view to effect its objects and promote justice, is observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law, and in such manner as will subserve rather than impede or defeat the ends of justice, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right.' "

In *Sierra* v. *P. Longo & Co.*, 45 P.R.R. 783, 787, this court said:

"The case is in point (*sic*).* The error of the attorney must be borne by the party. That is the rule. Otherwise litigation would be interminable. But there are extraordinary cases where the mistake is so evident, the question involved so technical, and the suit is at such an early stage, that not to hear the case on the merits would constitute a notorious injustice which must be avoided whenever possible.

"We think otherwise as to the third error assigned. It exists, in our opinion. The party obtaining the benefit must bear some detriment. The plaintiff exercised a right, acknowledged to him by the law and the jurisprudence, in requesting the entry of the default and of the judgment, and in subsequently asserting such right before the clerk and the court. Under the circumstances, the district court could and should have adjudged the payment of a reasonable sum— $50, in our opinion—as a condition precedent to the granting of the motion, to reimburse plaintiff for the costs, expenses, and attorney's fees incurred by him."

A district judge denied Schlüter's motion for want of just cause. He did not discuss the facts nor state his reasons

---

* NOTE: A more adequate translation of the phrase *"en la línea"*, used in the Spanish text of the cited decision, would have been "on the border line".

for the conclusion that the facts before him were insufficient to justify a reopening of the case.

All things considered, we are persuaded that Schlüter's showing in support of his motion was sufficient and that the district judge in the proper exercise of a sound judicial discretion, as indicated in *Gutiérrez* v. *Foix, supra, Fernández* v. *Pescay et al., supra,* and *Sierra* v. *P. Longo & Co., supra,* should have set aside the judgment, but, of course, upon terms.

Schlüter moved in the district court for a reconsideration of the judgment. This motion was denied upon the ground that an appeal had been taken from the judgment.

The present appeal is from the judgment and from the order overruling Schlüter's two motions. The judgment was rendered by one judge and the two motions were denied by another. The motion for a reconsideration was based on three different grounds. At least two of these grounds had never been brought to the attention of the judge who rendered the judgment. The judge who denied the motion for reconsideration did not pass upon the merits thereof. It is preferable that such questions should be determined in the first instance by the district courts. For this reason and in view of the conclusion already reached as to the overruling of the motion to set aside the judgment, we need not now discuss other questions raised by the assignment of errors.

The order overruling the motion to set aside the judgment of February 27, 1936, will be reversed; that judgment will be set aside and the case remanded for further proceedings not inconsistent herewith—all upon condition that Schlüter, within ten days after the filing of the mandate in the District Court, shall deposit in the office of the clerk of that court for delivery to plaintiffs or their attorney the sum of $400; otherwise the order overruling the motion to set aside the judgment shall be affirmed and the judgment shall stand pending further

consideration and final determination of the questions involved in the appeals from such judgment and from the order overruling the motion for reconsideration.